1  BENJAMIN B. WAGNER
   United States Attorney
2  TODD PICKLES
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2766
   Facsimile: (916) 554-2900







IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE ) 2:12-SW-0279   EFB
APPLICATION OF THE UNITED STATES )
OF AMERICA FOR AUTHORIZATION TO ) CASE NO. 2:12-SW-
OBTAIN LOCATION DATA CONCERNING )
A CELLULAR TELEPHONE ASSIGNED ) ORDER
TELEPHONE NUMBER: 909-282-4944 )
                                 )
                                 ) **UNDER SEAL**
                                 )
                                 )
                                 )
                                 )

This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following cellular telephone: **(909) 282-4944**, Electronic Serial Number ("ESN"): 364VMNCY0L, International Mobile Subscriber Identity ("IMSI"): 316010154366019, Urban Fleet Member Identifier ("UFMI"): 126*288*192, subscribed to HGTDHG DFHGD, Post Office Box 54988, Irvine, California 92619, with service

1

1   provided by Sprint/Nextel (hereinafter "**TARGET TELEPHONE**"), including
2   but not limited to E-911 Phase II data (or other precise location
3   information) for the **TARGET TELEPHONE** (the "Requested Information"),
4   for a period of thirty (30) days.

5       The Court finds that there is probable cause to believe that the
6   Requested Information will constitute or lead to evidence of
7   violations of Title 21, United States Code, Sections 841(a)(1) and
8   846, among other offenses, as well as to the identification of
9   individuals who are engaged in the commission of these offenses.  The
10  Court also finds that there is reasonable cause to believe that
11  providing immediate notification of the execution of the warrant may
12  seriously jeopardize an ongoing investigation.  Furthermore, the
13  execution of this warrant will not result in the seizure of any
14  tangible property or any wire or electronic communication (as defined
15  in 18 U.S.C. § 2510).  To the extent that the warrant authorizes the
16  seizure of any stored wire or electronic information, that seizure is
17  expressly authorized by 18 U.S.C. § 2703(c)(1)(A).

18      IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal
19  Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that agents of DEA,
20  beginning at any time within ten (10) days of the date of this Order
21  and for a period not to exceed 30 days, may obtain the Requested
22  Information for the **TARGET TELEPHONE,** with said authority to extend
23  to any time of the day or night as required, including when the
24  **TARGET TELEPHONE** leaves the Eastern District of California; all of
25  said authority being expressly limited to ascertaining the physical
26  location of the **TARGET TELEPHONE,** and expressly excluding the
27  contents of any communications conducted by the user(s) of the **TARGET**
28  **TELEPHONE.**

1  It is further ORDERED that Sprint/Nextel, the service provider
2  for the **TARGET TELEPHONE**, assist agents of the DEA by providing all
3  information, facilities, and technical assistance needed to ascertain
4  the Requested Information, including initiating a signal to determine
5  the location of the subject's mobile device on Sprint/Nextel's
6  network (or any networks it services or with which it has service
7  contracts) or with such other reference points as may be reasonably
8  available and at such intervals and times as directed by the law
9  enforcement agent serving the order, and furnish the technical
10 assistance necessary to accomplish the acquisition unobtrusively and
11 with a minimum of interference with such services as Sprint/Nextel
12 accords the user(s) of the **TARGET TELEPHONE.**
13 It is further ORDERED that the DEA compensate Sprint/Nextel for
14 reasonable expenses incurred in complying with any such request.
15 It is further ORDERED that the Court's Order and the
16 accompanying Affidavit submitted in support thereof, as they reveal
17 an ongoing investigation, be sealed until further Order of the Court
18 in order to avoid premature disclosure of the investigation, guard
19 against flight, and better ensure the safety of agents and others,
20 except that copies of the Court's Order in full or redacted form may
21 be maintained by the United States Attorney's Office, and may be
22 served on Special Agents and other investigative and law enforcement
23 officers of the DEA, federally deputized state and local law
24 enforcement officers, and other government and contract personnel
25 acting under the supervision of such investigative or law enforcement
26 officers, and Sprint/Nextel as necessary to effectuate the Court's
27 Order.
28

It is further ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination of the monitoring period authorized by the warrant.

It is further ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

It is further ORDERED that Sprint/Nextel, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

DATED: 5-23-2012

HONORABLE EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4